UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JIM T. GLOVER, | ) | CASE NO. 1:09 CV 110 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| S.R.T OFFICER GADT, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On January 15, 2009, pro se plaintiff Jim T. Glover filed this action under 42 U.S.C. § 1983 against Cuyahoga County Jail S.R.T Officers Gadt, S.R.T Officer Dix, Officer Warcha, Lieutenant Branch, and Officer Johnson. In the complaint, plaintiff alleges he was assaulted by the defendants. He seeks monetary damages.

**Background**

Mr. Glover contends he was assaulted by corrections officers while he was a incarcerated in the Cuyahoga County Jail on July 7, 2006. He alleges that at approximately 8:00 a.m. on that date, Lieutenant Branch, Officer Warcha, Officer Dix, Officer Johnson, Officer Lewis, and Officer Gadt were performing a cell extraction. He states the officers arrived at his cell and told him to back away from the door. He indicates that although he offered no resistance and complied with their request, the officers began to physically assault him. He alleges he was

punched, kicked and sprayed with pepper spray. At the conclusion of the assault, he was allegedly taken by elevator to the infirmary. He claims the assault continued on the elevator. At the infirmary, he was placed in a decontamination room. He states the officers tried to choke him with the water hose. He claims he was then taken to a cleaning supply closet where he was again punched and kicked. He alleges cleaning chemicals were poured over his head causing his skin to burn. Mr. Glover claims he still suffers from psychological trauma from this incident.

Mr. Glover states he was again assaulted on September 2006. He claims that on this occasion, he was in positive restraints. He alleges the first shift sergeant arrived at his cell with a nurse to deliver medication. He was admonished about his behavior on the previous evening. Mr. Glover issued a retort to the sergeant. He claims at that point, the sergeant pushed the nurse's cart out of the way, and slapped Mr. Glover across the face. He indicates he could not adequately defend himself due to the restraints. He contends the sergeant hit him in the back with an elbow. Another officer witnessing the incident pressed his "man down" button to summon assistance. Mr. Glover was monitored by video surveillance after that date.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

   The Eighth Amendment prohibits any punishment which violates civilized standards of humanity and decency, which reflects an unnecessary and wanton infliction of pain, or which is grossly disproportionate to the offense committed by the prisoner. Rhodes v. Chapman, 452 U.S. 337, 345 (1981); Kent v. Johnson, 821 F.2d 1220, 1227 (6th Cir. 1986).  Although the Eighth Amendment's protections apply specifically to post-conviction inmates, see Barber v. City of Salem, Ohio, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. Thompson v. County of Medina, Ohio, 29 F.3d 238, 242 (6th Cir.1994); see Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988). Where any person acting under color of state law abridges rights secured by the Constitution or United States laws, including a detainee's Eighth and Fourteenth Amendment rights, 42 U.S.C. § 1983 provides civil redress. City of Canton, Ohio v. Harris, 489 U.S. 378, 388-89 (1989).

   It is apparent on the face of the complaint, however, that the statute of limitations for bringing a §1983 claim expired before Mr. Glover filed this action. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995).  Ohio's two year statute of limitations for bodily injury applies to §1983 claims. Id.  The events described in the complaint took place on July 7, 2006 and September 2006.  The complaint in this action was filed on January 15, 2009, well

---

v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

beyond the expiration of the statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

April 20, 2009

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.